PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | CASE NO. 4:17CV2479 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN CHRISTOPHER LAROSE, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 4] |

Defendants removed this action "under 42 U.S.C. § 1983, 28 U.S.C. §§ 1441, 1443, 1446, and to invoke this Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1332." ECF No. 1 at PageID#: 2. Pending is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 4. Plaintiff responded, ECF No. 5, and Defendants replied, ECF No. 7. For the following reasons, this action will be remanded to the state court.

## I. Background

*Pro se* Plaintiff Frederick Banks filed this *Bivens*[1] action in the Mahoning County Court of Common Pleas against Defendants Northeast Ohio Correctional Center ("NEOCC"), NEOCC Warden Christopher LaRose[2], NEOCC Computer Services Employee Carey Adamson, NEOCC Business Office Employee Angela Pastella, NEOCC Business Manager J. Klempay, Core Civic

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

[2] Plaintiff incorrectly identifies Defendant as Warden Charles LaRose. *See* ECF No. 1-1.

CEO Damon Hininger, and Core Civic. *See* ECF No. 1-1. In the Complaint, Plaintiff alleges

Defendants violated his constitutional right to equal protection because Defendants failed to

provide him, an inmate in segregation, with access to printers while inmates in the general prison

population have access to four printers. *Id.* at PageID#: 16    18. Additionally, Plaintiff claims

he ordered photographs from an approved vendor and, although money was deducted from his

account, the vendor did not receive it. *Id.* Plaintiff contends that Defendants Pastella and

Klempay's refusal to credit his account amounts to the tort of conversion. *Id.* Plaintiff seeks

monetary relief. *Id.* at PageID#: 18    19.

On November 27, 2017, Defendants removed the action on the basis of federal question

jurisdiction, 28 U.S.C. § 1331, and subsequently filed a Motion to Dismiss. *See* ECF Nos. 1 and

4. Defendants concede diversity of citizenship jurisdiction is not present, as Plaintiff and four

Defendants are citizens of the same state. *See* ECF No. 1 at PageID#: 1    2. In their motion,

Defendants assert that Plaintiff did not state a claim for denial of equal protection because: (1) he

does not have a fundamental right to have access to a printer, (2) is not a member of a "suspect

class," and (3) was not treated differently than others without a rational basis. ECF No. 4.

Defendants also contend that they cannot be held liable for conversion because, at best, they owe

Plaintiff the sum of $25.00, and not the specific currency[3] deducted from his account, which is

---

[3] Defendants correctly retort, "Plaintiff does not, however, allege that Defendants Pastella and Klempay owe him specific money    *i.e.*, that they owe him the exact $25 that was deducted from his account    but only that they owe him the sum of $25. Nor has Plaintiff alleged the money was required to be placed in any specific account or location once it was deducted from his account, to be held pending completion of the order and returned if the order was rejected or canceled for any reason. Plaintiff has therefore failed

(continued...)

(4:17CV2479)

required to state a claim for conversion.  *See id.* at PageID#: 48  50.  Finally, Defendants assert

that, although Plaintiff named Hininger, NEOCC, and Core Civic as Defendants in this action,

Plaintiff's Complaint "contains no factual allegations regarding any actions personally

performed" by these Defendants with regard to the constitutional claim.  *Id.* at PageID#: 50  51.

## II. Removal

A defendant may remove "any civil action brought in a state court of which the district

courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  The Notice of

Removal of a civil action or proceeding must be filed within thirty days after the receipt by the

defendant through service or otherwise of a copy of the initial pleading setting forth the claim for

relief upon which such action or proceeding is based.  28 U.S.C. § 1446(b).  Moreover, when the

action is removed under § 1441(a), all of the defendants who have been properly served must

join in the removal or consent to it.  28 U.S.C. § 1446(b)(2)(A).  Finally, when diversity of

citizenship is the basis for removal, the case cannot be removed from state court if any of the

Defendants are citizens of the state in which the action is brought.  28 U.S.C. § 1441(b)(2).

## III.  Law and Analysis

Defendants removed this action citing the presence of a federal question in the form of a

*Bivens* claim for denial of equal protection.  *See* ECF Nos. 1 and 1-1.  Because the alleged *Bivens*

claim is the sole basis for federal jurisdiction, the Court must decide whether *Bivens* provides a

cause of action, and consequently jurisdiction, in this context.

---

[3](...continued)
to state a claim for conversion."  *Id.* at PageID#: 48  50.

(4:17CV2479)

The United States Supreme Court recently clarified that federal courts should refrain from extending *Bivens* outside of the three specific contexts in which it has already been applied, absent the presence of special factors. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017). Congress provided a specific damages remedy for Plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983; however, Congress did not provide a corresponding remedy for constitutional violations by federal officials. In *Bivens*, decided in 1971, the Supreme Court recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Since then, the Supreme Court allowed *Bivens* remedies in only two other contexts: (1) in a Fifth Amendment gender-discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) in an Eighth Amendment Cruel and Unusual Punishments Clause case, *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has not approved of an implied damages remedy under the Constitution itself. *Ziglar*, 137 S.Ct. at 1855.

In *Ziglar*, the Supreme Court explained its decision to limit the implied damages remedy stating that, *Bivens*, *Davis*, and *Carlson* were decided at a time when the prevailing law assumed that a proper function of the courts was to "provide such remedies as are necessary to make effective" a statute's purpose. *Id.* at 1848 (quoting *J.I. Case Co. v. Borak*, 377 U.S. 426, 433 (1964)). The Supreme Court has since adopted a far more cautious approach, looking instead to statutory intent to determine whether Congress intended to create a private right of action under those circumstances. *Id.* (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) and *Touche*

4

*Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)).  "Similar caution must be exercised with respect to damages actions implied to enforce the Constitution itself."  *Id.*  While *Bivens* is still well-settled law in its own context, expanding *Bivens* to new contexts is now "disfavored."

*Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).  Therefore, when a Plaintiff seeks to assert an implied cause of action under the Constitution, "separation-of-powers principles should be central to the analysis."  *Ziglar*, 137 S.Ct. at 1857.  Specifically, courts should ask whether Congress or the judiciary should decide when to authorize a damages suit.  *Id.* (citing *Bush v. Lucas*, 462 U.S. 367, 380 (1983)).  The Supreme Court states that most often, this question will be answered in favor of Congress, because the Legislature is in a better position to determine if the public interest will be better served by creating a "new substantive legal liability."  *Id.*  *Bivens* will not be extended to a new context if there are "'special factors counselling hesitation in the absence of affirmative action by Congress.'"  *Id.* (quoting *Carlson*, 446 U.S. at 18).  If there are sound reasons to suppose Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, courts must refrain from creating that kind of remedy.  *See id.* at 1858.  Furthermore, if there is an alternative remedial structure in place to address a given situation, the court should not infer a new *Bivens* cause of action.  *Id.*

In this case, Plaintiff seeks to assert an equal protection claim under *Bivens* based on the classification of prisoners in segregation versus those who are held in the general prison population.  *See* ECF No. 1-1.  Plaintiff's claim does not fall under the existing contexts in which a *Bivens* remedy has been implied.  Furthermore, the Supreme Court has already declined to extend *Bivens* to causes of action asserted against private prisons, *Correctional Services Corp. v.*

*Malesko*, 534 U.S. 61, 68 (2001), and employees of private prisons when a remedy exists under

state law to address the injury, *Minneci v. Pollard*, 565 U.S. 118, 120 (2012). Therefore, given

the Supreme Court's decision in *Zigler*, and its decisions in *Malesko* and *Minnecci*, the Court

will not imply a damages remedy under *Bivens* in this context.[4]

Without a *Bivens* claim to provide a federal cause of action, the Court lacks subject

matter jurisdiction to consider Plaintiff's claims. Defendants acknowledge that diversity of

citizenship is not complete. Even if it were, the case is not removable on that basis because

Defendants LaRose, Adamson, Pastella and Klempay are citizens of Ohio, the state in which this

Court is located. 28 U.S.C. § 1441(b)(2) (an action is not removable solely on the basis of

diversity jurisdiction if any of the Defendants is a citizen of the state in which the action is

brought). Absent an identified federal cause of action, this Court lacks jurisdiction over

Plaintiff's case.

### IV. Conclusion

For the reasons set forth above, this action is remanded to the Mahoning County Court of

Common Pleas, the state court in which it originated.

IT IS SO ORDERED.

 April 25, 2018                                         */s/ Benita Y. Pearson*               

                                                      Benita Y. Pearson

Date                                            United States District Judge

---

[4] The Court does not express an opinion as to whether Plaintiff has a viable cause of action under state law.